Railroad Co. vs. Railroad Co. et al.

## No. 10,846.

CANAL & CLAIBORNE RAILROAD COMPANY VS. CRESCENT CITY RAILROAD COMPANY AND ELECTRIC TRACTION & MANUFACTURING COMPANY.

| 44 | 485 |
|----|-----|
| 44 | 731 |
| 44 | 752 |

| 44 | 485 |
|----|-----|
| 47 | 317 |
| 47 | 324 |
| 47 | 1479 |

| 44 | 485 |
|----|-----|
| 48 | 859 |

| 44 | 485 |
|----|-----|
| 110 | 913 |
| 110 | 923 |

The city government of New Orleans has the right to grant the privilege of the use of a part of the tracks of street railway to another company. It can continue the use of a different car, propelled by a different motor than the one in use on the track.

The permission to use the electric motor is one of the means of using the public streets, and is granted for the public convenience and is the exercise of the police power of the city over public places.

A company desiring to use the road-bed and material in place of another company must first make compensation. But where an injunction is granted, without the prayer for compensation before using the track, but a prohibition for the use of the track for any and all cars, it will be dissolved.

APPEAL from the Civil District Court for the Parish of Orleans. Rightor, J.

J. R. Beckwith for Plaintiff and Appellant:

1. Under the Constitution of 1879, private property can not be taken or damaged for any public use until full compensation is made. Act 110, Constitution 1868; Constitution 1879, Article 156; Griffen vs. R. R. Co., 41 An. 808; Cooley Const. Lim. 680, 681 (note); Chicago vs. Taylor, 125 U. S. 161, 170; Railroad vs. Ayers

2. When any individual or corporation is to be divested of property for any public use, against the will of the party to be divested, a strict compliance with the law providing for expropriation, and the conditions precedent to taking the property, must be strictly complied with, or title and rights are not divested, and the party claiming to have divested any one of property and right, must affirmatively show full compliance. Cooley on Const. Lim. 528; Gillenwoter vs. R. R. Co., 113 Ill. 1; Stanford vs. Warn, 27 Cal 171; Nicholls vs. Bridgeport, 23 Conn. 189; Judson vs. Bridgeport, 25 Conn. 428; People vs Brighton, 20 Mich. 57.

3. The grant of street railway franchise under which the plaintiff, the Canal & Claiborne Railroad Company, is now operating its road on Canal street contains no condition or limitation of the grant, by which the city of New Orleans can grant other railway companies lawful right to run their cars on that company's tracks on Canal street, without the consent of the Canal & Claiborne Railway Company first given and obtained.

F. P. Poché on the same side:

1. One of the essential requisites to sustain the plea of res adjudicata is that the thing demanded be the same in both actions. C. C. Art. 2286.

2. The only power under which a municipal government can take the private property of a corporation for the use of another corporation is that of eminent domain. 41 An. 561.

Railroad Co. vs. Railroad Co. et al.

3. In granting a franchise to a corporation to use the tracks of another corporation by a previous grant, the municipal authorities can fix no limitation to the amount of compensation. Such an ordinance would be unconstitutional as being violative of the rights of private property. Sou. Reporter, Vol. 10, No. 16, p. 389.

4. An injunction will lie to restrain a town or city from taking the private property of a corporation without first having the same lawfully taken and condemned, and compensation paid therefor. American and Eng. Encyc , Vol. 10, p. 964.

*John M. Bonner* and *Farrar, Jonas & Kruttschnitt* for Defendants and Appellees:

1. The issue restated and the inconsistencies of plaintiff's argument pointed out.
2. There is no law in this State under which the property of a street railway can be expropriated. The existing law only applies to property in land. Rev. Stat., Sec. 1479.
3. Under the Constitution and the laws of this State, the city has complete control over her streets and the methods in which they are to be used.
4. The city has the right to grant the use of tracks already laid in the streets to another company, on terms of fair and equitable compensation for their use, without resorting to expropriation proceedings. 15 S. W. Rep. 1023; 16 S. W. Rep. 966; 19 Am. Law Reg. 765; Redfield, Law of Railways, Vol. 1, 318, Sec. 10, and 320, Sec. 16.

The opinion of the court was delivered by

McENERY, J. The petition avers that the Canal & Claiborne Railroad Company is a corporation; that in the year 1887 the *Canal & Claiborne Streets* Railroad Company, another corporation, acquired from the city of New Orleans, for itself and its assigns, in due form, a lawful grant to own and operate a street railway for the term of twenty–five years, on and over Canal street and the other streets described in the petition and in a copy of the grant annexed to the petition. The term of the grant commenced to run from the 8th of May, 1887. This grant was not only a legislative act of the city of New Orleans, but was in due form and by due authority embodied in a solemn contract by notarial act, made a part of the petition by copy. That during the month of July, 1888, for a valuable consideration, the plaintiff, by purchase, acquired an assignment of the grant, and from that date has been the full owner of all the rights and franchises contained in said grant, and still owns the same, having acquired all the rights of its vendor, the *Canal & Claiborne Streets* Railroad Company, the original grantee. Among other property so purchased and acquired is the track or railway on Canal street, run-

ning from the intersection of St. Charles street with Canal to the terminus at Wells street near the river, and back by another track or railway on the lower side of Canal street to the intersection of Bourbon street with Canal street.

That the Crescent City Railroad Company is carrying on a street railway and operates two lines of railway, one commonly known as the Annunciation line, running through Tchoupitoulas, Annunciation and other streets, having its lower terminus on Canal street, in the middle ground, near the intersection of Camp with Canal streets, and another line which it claims to have acquired from some alleged grantee for a street railway, commencing at the junction of Camp and Prytania streets, running along the streets named in the petition but coming back for its final or lower terminus to the point of commencement, that is, to the intersection of Camp and Prytania streets; and defendants claim that this grant, originally made to one Seymour and his associates, was by some subsequent action of the city authorities expanded so as to give the grantee and his assigns a right to extend a line to Canal street. This line is known as the Coliseum line.

That after the Crescent City Railroad Company got possession of this supposed grant and its expansion, they commenced running cars on this Coliseum line over the line and tracks of plaintiff on Canal street, without its consent and unlawfully, from the intersection of St. Charles street with the upper side of Canal street to Wells street, and back on the lower side of Canal street on your petitioner's track to the intersection of Bourbon street with Canal; that this act was unlawful, without the consent of plaintiff and without any right or warrant of law; the first invasion of the tracks and rights of plaintiffs was with mule or horse cars of the ordinary construction and weight.

That the right of action to demand indemnity or damages, arising from this first invasion of plaintiff's rights by the use of said mule or horse cars, is reserved in the petition. That not contented with the wrong done by running its Coliseum cars over the track of plaintiff, defendants now attempt a further outrage and invasion of plaintiff's rights, and are engaged in constructing a new railway through Erato street, so planned as to connect the Annunciation street line, whose cars could not, without such junction, run over plaintiff's tracks, with the Coliseum street line, of which line the cars had the unlawful use

of plaintiff's tracks, so that additional cars from the Annunciation line, that prior to said action could not reach plaintiff's line or tracks on Canal street, can be diverted from the Annunciation street line, taken through the Erato connecting link, sent over the Coliseum line and thence on and over plaintiff's tracks on Canal street; that they threaten and intend to run many, if not all, of their Annunciation street cars through said Erato street connection over the Coliseum line over the Canal street tracks of plaintiff, increasing the number of cars running on plaintiff's track over the number formerly running from the Coliseum track over the plaintiff's line by at least fifteen additional cars, making trips over the lines at intervals not exceeding ten or fifteen minutes during the entire day.

That this is not the only wrong that is contemplated by the defendants; but that the Crescent City Railroad Company has entered into a combination with the other defendant, the Electric Traction & Manufacturing Company, by which the said Electric Traction & Manufacturing Company is to operate or provide the rolling stock for the Crescent City Railroad Company on its lines, to be propelled over plaintiff's track on Canal street. The new rolling stock to involve a change of motive power from car or mule propulsion to some form of electric propulsion by electric motor and storage batteries, with a construction giving the cars a weight of at least eight thousand pounds independent of any passenger load. That the Electric Traction Company intend to stock the road with these heavy cars and join the defendant railroad company in its assault upon the plaintiff's rights and property. That the railway of plaintiff on Canal street was constructed and designed in accordance with the specifications and obligations contained in its contract with the city for the use of cars propelled by mules or horses of not over thirty-eight hundred pounds in weight, and is not constructed to bear the heavy rolling stock threatened to be put upon the structure, and is not adequate to bear and sustain a traffic carried on in cars of a character that without load weigh over four tons.

That the additional cars thrown on plaintiff's tracks by the Erato street connection from the Annunciation line will crowd petitioner's tracks on Canal street so that in the event that they do endure the additional cars and additional traffic without destruction, there will be practical eviction of plaintiff from the use of its own property in its tracks for its own legitimate use in the management and operation of its own lines for its own business.

The relief demanded is an injunction prohibiting the defendants from running any cars coming through the new roadway on Erato street, connecting the Annunciation street line with the Coliseum line, and from any unlawful use, meddling or interference with the plaintiff's line on Canal street by any additional cars running through Erato street from Annunciation street over the Coliseum line and over plaintiff's tracks, and from running any electric motor of heavy weight, and from meddling and interfering in any manner with plaintiff's rights in the complete dominion, control and use of its street railway line and property on Canal street.

The Crescent City Railroad Company, after pleading the general issue, averred that all the matters and things set up in the petition relative to the rights of the plaintiff to that part of the track on Canal street, and relative to the right of the Crescent City Railroad Company to use the same, were in issue between said Canal & Claiborne Streets Railroad Company and this defendant, in suit Claiborne Railroad Company vs. Crescent City Railroad Company, and that a final judgment has been rendered therein in favor of the Crescent City Railroad Company, and which final judgment was affirmed on appeal to the Supreme Court, and this defendant pleads said record and said judgment as *res adjudicata*, and makes the record of said suit a part of this answer for reference and proof,

That all that portion of the track on Canal street claimed as being the exclusive property of the plaintiff was originally constructed for a common trunk line, which all the railroads running cars on Canal street had the right to use under the conditions of the city ordinance providing for the construction of said trunk line, that the pretended new grant of 1887, set up by the plaintiff, was necessarily obtained subject to the conditions of the old grant, and *subject to the rights acquired* under the provisions of the old grant by the Crescent City Railroad Company in pursuance of certain ordinances from the city of New Orleans, and that under the provisions of said old grant and the right acquired from the city of New Orleans, the Crescent City Railroad Company is as much *the owner of said line and has as great a right to run cars upon said line as the Canal & Claiborne Railroad Company has*, the only obligation upon the Crescent City Railroad Company, or the city of New Orleans, being to reimburse to the plaintiff a fair and reasonable proportion of the value of the portion or portions of the road to be so used.

That the grant of 1887 was obtained from the city of New Orleans under the present charter, which provides that the Council shall have power to compel all railways on any one street to run on and use one and the same track; that the defendant has been lawfully and peaceably running its cars over the trunk tracks on Canal street since 1881, and that its right so to run its cars has been adjudged in the suit above set forth; that this defendant has obtained permission from the city of New Orleans to use electricity in propelling its cars, and that the plaintiff has no right to say what kind of cars, or what number of cars, or what weight of cars this defendant, under authority from the city of New Orleans shall run in the streets, over its own tracks, in accordance with its franchises.

That for more than a year it has operated one of said motor cars over the said common track, without injury of any kind thereto; that the ordinance No. 4348, approved March 17, 1890, is not a new grant to this defendant, but is simply a modification of a grant made in the year 1880, and not a substantial change thereof; that even if it were a new grant it is clearly within the police power of the city of New Orleans over its streets; that the defendant has constructed tracks through Erato street in accordance with the provisions of the ordinance approved March 17, 1890, and that it intends to run a portion of its Coliseum cars through the said street and over the Annunciation street tracks, and that it intends to run some of the Annunciation street cars through said connection as the exigencies of travel and the requirements of business may demand, and defendant says it clearly has the right so to do under its various grants from the city of New Orleans.

Judgment was rendered in favor of the defendants in the lower court, and the plaintiff has brought the case here on appeal.

The right of the defendant to run cars belonging to the Coliseum and Upper Magazine line has already been definitively settled in the decree in the case of the Canal & Claiborne Street Railroad Co. vs. Crescent City Railroad Company, 41 An. 561. It is claimed, however, that the Crescent City Railroad Company is operating two lines of railroad, one known as the Annunciation line, which was extended through certain streets so as to bring its cars over plaintiff's track on Canal street, thus increasing the number of cars run by defendants over the track of plaintiff, which is recognized as a trunk line.

The defendants had the permission of the city government to run over this line and over plaintiff's track. It is immaterial to consider the question raised whether this was a new franchise as the city had the undoubted authority to permit any company to use the track of plaintiff. 41 An. 561.

In the occupation and use of plaintiff's track, there can be no interference with the right of the plaintiff to runs its cars on schedule time, in accordance with its contract with the city. To permit this would be to practically evict plaintiff from the use of its road-bed, and in the management and operation of its business. There is no evidence, however, that such an eviction has taken place.

It appears from the record that the co-defendant, the Electric Traction & Manufacturing Co., placed its cars on the track of plaintiff, under the franchise enjoyed by the defendant, and in accordance with a contract entered into between them. They were manufacturers of a certain description of car, which the defendants placed on their line and ran over plaintiff's track. That the track was originally constructed for horse cars, and was not strong enough to bear the weight of electric cars, is no reason why they should not be placed on the track. There are constant improvements in the mode of travel. New and improved conveyances are daily coming into use. Public convenience and necessity require the adoption of the most improved methods. The streets belong to the public. Their use for the public can not be abridged. Hence when the municipal government in its discretion sees the necessity of permitting the use of the streets by improved cars, driven at greater speed by a new motor, no one can complain, as no franchise can be granted over a street exclusively to any one, for the continued use of any particular kind of conveyance.

The electric motor is but one means of using the streets, and the permission to use the electric car is established for the public convenience and is the exercise of the police power of the city over its public places. It can not be questioned unless, as stated above, its use evicts the company which owns the road-bed and material in place from its property.

The principle has been announced by this court that before one company can avail itself of the use of the road-bed and material in place of another, the road so desiring to enter upon the part of the track of another must first make compensation. R. R. Co. vs. Or-

leans R. R. Co., 44 An.   This question is not presented in. this case.
The relief asked is an absolute prohibition to the putting of any and
all cars on plaintiff's track by the defendant.   The defendant has
used the track of the plaintiff.   It has its cars of the Annunciation
line now on plaintiff's track.   It is true the injunction was bonded,
but there is no prayer in the petition that compensation be made to
the plaintiff before use of its tracks.   The relief is now one of
damages.

Judgment affirmed, with reservation of the right of plaintiff to sue
defendants for damages for use of its tracks.